SANDRA R. BROWN
Acting United States Attorney
LAWRENCE S. MIDDLETON
Assistant United States Attorney
Chief, Criminal Division
ROGER A. HSIEH (Cal. Bar No. 294195)
Assistant United States Attorney
General Crimes Section
     1200 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-0600
     Facsimile: (213) 894-0141
     E-mail:    Roger.Hsieh@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. CR 17-00638-PSG |
|---|---|
| Plaintiff, | STIPULATION REGARDING REQUEST FOR (1) CONTINUANCE OF TRIAL DATE AND (2) FINDINGS OF EXCLUDABLE TIME PERIODS PURSUANT TO SPEEDY TRIAL ACT |
| v. | |
| ALEXANDER TORO HERNANDEZ, | |
| Defendant. | **CURRENT TRIAL DATE:** December 12, 2017<br>**[PROPOSED] TRIAL DATE:** March 6, 2018<br><br>**CURRENT STATUS CONFERENCE DATE:** November 27, 2017<br>**[PROPOSED] STATUS CONFERENCE DATE:** February 19, 2018<br><br>**[PROPOSED] MOTION SCHEDULE:**<br>**Motions Due: January 22, 2017**<br>**Oppositions Due: January 29, 2018**<br>**Replies Due: February 12, 2018** |

Plaintiff United States of America, by and through its counsel of record, the Acting United States Attorney for the Central District of California and Assistant United States Attorney Roger A. Hsieh, and defendant ALEXANDER TORO HERNANDEZ ("defendant"), both

individually and by and through his counsel of record, Victor Sherman, hereby stipulate as follows:

1.   The Indictment in this case was filed on October 6, 2017. Defendant first appeared before a judicial officer of the court in which the charges in this case were pending on September 26, 2017. The Speedy Trial Act, 18 U.S.C. § 3161, originally required that the trial commence on or before December 15, 2017.

2.   On October 18, 2017, the Court set a trial date of December 12, 2017, a status conference date of November 27, 2017, and a motion schedule as follows: motions to be filed on October 30, 2017; oppositions to be filed on November 6, 2017; and replies to be filed on November 20, 2017.

3.   Defendant is detained pending trial. The parties estimate that the trial in this matter will last approximately three days.

4.   By this stipulation, defendant moves to continue the trial date to March 6, 2018, the status conference date to February 19, 2018, and the motion schedule as follows:  motions to be filed on or before January 22, 2018; oppositions to be filed on or before January 29, 2018; and replies to be filed on or before February 12, 2018. This is the first request for a continuance.

5.   Defendant requests the continuance based upon the following facts, which the parties believe demonstrate good cause to support the appropriate findings under the Speedy Trial Act:

   a.   Defendant is charged with a violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B)(i) (distribution of at least 100 grams of a mixture containing heroin) and 21 U.S.C. § 841(a)(1), (b)(1)(A)(i) (possession with intent to distribute at least one kilogram of a mixture containing heroin ).  The government has produced over 1200

2

1 pages of discovery to the defense, including investigative reports,
2 photographs, interview notes, returns from GPS and cell phone search
3 warrants, and IP address information related to specific United
4 States Postal Service tracking numbers.  The government has also
5 produced surveillance video and an audio recording on an interview
6 with defendant.
7        b.   Defense counsel represents that he is presently
8 scheduled to be in the following upcoming criminal trials in this
9 court and in state court: (1) People v. Singh, PA088307 (Los Angeles
10 Superior Court), currently set for trial within 30 days, and
11 estimated to last 4 days; (2) People v. Gonzalez, BAF1700713
12 (Riverside Superior Court), currently set for trial on November 28,
13 2017, and estimated to last 3 days; (3) United States v. Martinez, CR
14 17-00107-ODW, currently set for trial on December 5, 2017, and
15 estimated to last 5 days; (4) United States v. Nesoyan, CR 17-00325-
16 GW, currently set for trial on December 12, 2017, and estimated to
17 last 10 days; (5) United States v. Goucher, CR 07-1402-SJO, currently
18 set for trial on January 9, 2018, and estimated to last 7 days;
19 (6) United States v. Ambriz, CR 17-00106-PSG, currently set for trial
20 on January 16, 2018, and estimated to last 5-6 days; (7) United
21 States v. Iribe, CR 16-0070-GW, currently set for trial on January
22 23, 2018, and estimated to last 6 days; (8) People vs. Iribe,
23 BA441106 (Los Angeles Superior Court), currently set for trial on
24 January 30, 2018, and estimated to last 1-2 weeks; and (9) People vs.
25 Wijegoonaratna, RIF 0103899 (Riverside Superior Court), currently set
26 for trial on February 14, 2018, and estimated to last 1 week.
27 Accordingly, counsel represents that he will not be available to try
28 this case on the current trial date.

   c. In light of the foregoing, counsel for defendant also represents that additional time is necessary to confer with defendant, conduct and complete an independent investigation of the case, conduct and complete additional legal research including for potential pre-trial motions, review the discovery and potential evidence in the case, and prepare for trial in the event that a pretrial resolution does not occur. Defense counsel represents that failure to grant the continuance would deny him reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

   d. Defendant believes that failure to grant the continuance will deny him continuity of counsel and adequate representation.

   e. The government does not object to the continuance.

   f. The requested continuance is not based on congestion of the Court's calendar, lack of diligent preparation on the part of the attorney for the government or the defense, or failure on the part of the attorney for the government to obtain available witnesses.

  6. For purposes of computing the date under the Speedy Trial Act by which defendant's trial must commence, the parties agree that the time period of December 12, 2017, to March 6, 2018, inclusive, should be excluded pursuant to 18 U.S.C. §§ 3161(h)(7)(A), (h)(7)(B)(i), and (h)(7)(B)(iv) because the delay results from a continuance granted by the Court at defendant's request, without government objection, on the basis of the Court's finding that: (i) the ends of justice served by the continuance outweigh the best interest of the public and defendant in a speedy trial; (ii) failure

4

to grant the continuance would be likely to make a continuation of the proceeding impossible, or result in a miscarriage of justice; and (iii) failure to grant the continuance would unreasonably deny defendant continuity of counsel and would deny defense counsel the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

7. Nothing in this stipulation shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods be excluded from the period within which trial must commence. Moreover, the same provisions and/or other provisions of the Speedy Trial Act may in the future authorize the exclusion of additional time periods from the period within which trial must commence.

IT IS SO STIPULATED.

Dated: November 14, 2017            Respectfully submitted,

                                    SANDRA R. BROWN
                                    Acting United States Attorney

                                    LAWRENCE S. MIDDLETON
                                    Assistant United States Attorney
                                    Chief, Criminal Division


                                         /s/
                                    ROGER A. HSIEH
                                    Assistant United States Attorney

                                    Attorneys for Plaintiff
                                    UNITED STATES OF AMERICA

///

///

///

I am ALEXANDER TORO HERNANDEZ's attorney. I have carefully discussed every part of this stipulation and the continuance of the trial date with my client. I have fully informed my client of his Speedy Trial rights. To my knowledge, my client understands those rights and agrees to waive them. I believe that my client's decision to give up the right to be brought to trial earlier than March 6, 2018, is an informed and voluntary one.

_____    11/15/17
VICTOR SHERMAN                      Date
Attorney for Defendant
ALEXANDER TORO HERNANDEZ


This agreement has been read to me in Spanish, the language I understand best, and I have carefully discussed every part of it with my attorney. I understand my Speedy Trial rights. I voluntarily agree to the continuance of the trial date, and give up my right to be brought to trial earlier than March 6, 2018.

_____    11/15/17
ALEXANDER TORO HERNANDEZ            Date
Defendant


**CERTIFICATION OF INTERPRETER**

I, __Sandy Gonzalez__, am fluent in the written and spoken English and Spanish languages. I accurately translated this entire agreement from English into Spanish to defendant ALEXANDER TORO HERNANDEZ on this date.

_____    11-15-17
                                    Date
INTERPRETER