NICOLA T. HANNA
United States Attorney
LAWRENCE S. MIDDLETON
Assistant United States Attorney
Chief, Criminal Division
ROGER A. HSIEH (Cal. Bar No. 294195)
Assistant United States Attorney
General Crimes Section
    1200 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-0600
    Facsimile: (213) 894-0141
    E-mail:    Roger.Hsieh@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>        v.<br><br>ALEXANDER TORO HERNANDEZ,<br><br>        Defendant. | No. CR 17-00638-PSG<br><br>STIPULATION REGARDING REQUEST FOR (1) CONTINUANCE OF TRIAL DATE AND (2) FINDINGS OF EXCLUDABLE TIME PERIODS PURSUANT TO SPEEDY TRIAL ACT<br><br>**CURRENT TRIAL DATE:**<br>**March 6, 2018**<br>**[PROPOSED] TRIAL DATE:**<br>**May 22, 2018**<br><br>**CURRENT STATUS CONFERENCE DATE:**<br>**February 19, 2018**<br>**[PROPOSED] STATUS CONFERENCE DATE:**<br>**May 7, 2018**<br><br>**[PROPOSED] MOTION SCHEDULE:**<br>**Motions Due: April 9, 2018**<br>**Oppositions Due: April 16, 2018**<br>**Replies Due: April 30, 2018** |
|---|---|

    Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorney Roger A. Hsieh, and defendant ALEXANDER TORO HERNANDEZ ("defendant"), both individually

and by and through his counsel of record, Victor Sherman, hereby stipulate as follows:

1. The Indictment in this case was filed on October 6, 2017. Defendant first appeared before a judicial officer of the court in which the charges in this case were pending on September 26, 2017. The Speedy Trial Act, 18 U.S.C. § 3161, originally required that the trial commence on or before December 15, 2017.

2. On October 18, 2017, the Court set a trial date of December 12, 2017, a status conference date of November 27, 2017, and a motion schedule as follows: motions to be filed on October 30, 2017; oppositions to be filed on November 6, 2017; and replies to be filed on November 20, 2017.

3. Defendant is detained pending trial. The parties estimate that the trial in this matter will last approximately three days.

4. The Court has previously continued the trial date in this case from December 12, 2017, to March 6, 2018, and found the interim period to be excluded in computing the time within which the trial must commence, pursuant to the Speedy Trial Act.

5. By this stipulation, defendant moves to continue the trial date to May 22, 2018, the status conference date to May 7, 2018, and the motion schedule as follows:  motions to be filed on or before April 9, 2018; oppositions to be filed on or before April 16, 2018; and replies to be filed on or before April 30, 2018.  This is the second request for a continuance.

6. Defendant requests the continuance based upon the following facts, which the parties believe demonstrate good cause to support the appropriate findings under the Speedy Trial Act:

a.   Defendant is charged with a violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B)(i) (distribution of at least 100 grams of a mixture containing heroin) and 21 U.S.C. § 841(a)(1), (b)(1)(A)(i) (possession with intent to distribute at least one kilogram of a mixture containing heroin ).  The government has produced over 1200 pages of discovery to the defense, including investigative reports, photographs, interview notes, returns from GPS and cell phone search warrants, and IP address information related to specific United States Postal Service tracking numbers.  The government has also produced surveillance video and an audio recording on an interview with defendant.

b.   Defense counsel represents that he is presently scheduled to be in the following upcoming criminal trials in this court and in state court: (1) People v. Xu, CIVDS 1724933 (San Bernardino Superior Court), currently set for trial on February 23, 2018; (2) United States v. Nersoyan, CR 17-325-GW, currently set for trial on February 27, 2018; (3) United States v. Martinez, 17-CR-00107-ODW, currently set for trial on March 6, 2018; (4) United States v. Kenneth Goucher, 07-CR-1402-SJO, currently set for trial on March 27, 2018; (5) United States v. Ambriz, CR 17-00106-PSG, currently set for trial on April 3, 2018; and (6) United States v. Azarian, 17-CR-00421-DMG, currently set for trial on April 10, 2018. Accordingly, counsel represents that he will not be available to try this case on the current trial date.

c.   In light of the foregoing, counsel for defendant also represents that additional time is necessary to confer with defendant, conduct and complete an independent investigation of the case, conduct and complete additional legal research including for

potential pre-trial motions, review the discovery and potential evidence in the case, and prepare for trial in the event that a pretrial resolution does not occur. Defense counsel represents that failure to grant the continuance would deny him reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

      d.   Defendant believes that failure to grant the continuance will deny him continuity of counsel and adequate representation.

      e.   The government does not object to the continuance.

      f.   The requested continuance is not based on congestion of the Court's calendar, lack of diligent preparation on the part of the attorney for the government or the defense, or failure on the part of the attorney for the government to obtain available witnesses.

    7.   For purposes of computing the date under the Speedy Trial Act by which defendant's trial must commence, the parties agree that the time period of March 6, 2018, to May 22, 2018, inclusive, should be excluded pursuant to 18 U.S.C. §§ 3161(h)(7)(A), (h)(7)(B)(i), and (h)(7)(B)(iv) because the delay results from a continuance granted by the Court at defendant's request, without government objection, on the basis of the Court's finding that: (i) the ends of justice served by the continuance outweigh the best interest of the public and defendant in a speedy trial; (ii) failure to grant the continuance would be likely to make a continuation of the proceeding impossible, or result in a miscarriage of justice; and (iii) failure to grant the continuance would unreasonably deny defendant continuity of counsel and would deny defense counsel the reasonable time

1  necessary for effective preparation, taking into account the exercise
2  of due diligence.
3      8.   Nothing in this stipulation shall preclude a finding that
4  other provisions of the Speedy Trial Act dictate that additional time
5  periods be excluded from the period within which trial must commence.
6  Moreover, the same provisions and/or other provisions of the Speedy
7  Trial Act may in the future authorize the exclusion of additional
8  time periods from the period within which trial must commence.
9      IT IS SO STIPULATED.
10  Dated: February 12, 2018          Respectfully submitted,

                                      NICOLA T. HANNA
                                      United States Attorney

                                      LAWRENCE S. MIDDLETON
                                      Assistant United States Attorney
                                      Chief, Criminal Division


                                           /s/
                                      ─────────────────────────────────
                                      ROGER A. HSIEH
                                      Assistant United States Attorney

                                      Attorneys for Plaintiff
                                      UNITED STATES OF AMERICA

19  ///
20  ///
21  ///

5

1  I am ALEXANDER TORO HERNANDEZ's attorney. I have carefully
2  discussed every part of this stipulation and the continuance of the
3  trial date with my client. I have fully informed my client of his
4  Speedy Trial rights. To my knowledge, my client understands those
5  rights and agrees to waive them. I believe that my client's decision
6  to give up the right to be brought to trial earlier than May 22,
7  2018, is an informed and voluntary one.

8  _____          2/9/18
9  VICTOR SHERMAN                     Date
   Attorney for Defendant
10 ALEXANDER TORO HERNANDEZ

11

12  ~~This agreement has been read to me in Spanish, the language I~~
13  ~~understand best, and~~ I have carefully discussed every part of it with
14  my attorney. I understand my Speedy Trial rights. I voluntarily
15  agree to the continuance of the trial date, and give up my right to
16  be brought to trial earlier than May 22, 2018.

17  _____          9/2/18
18  ALEXANDER TORO HERNANDEZ           Date
    Defendant
19
20
21              **CERTIFICATION OF INTERPRETER**
22  I, _____, am fluent in the written and
23  spoken English and Spanish languages. I accurately translated this
24  entire agreement from English into Spanish to defendant ALEXANDER
25  TORO HERNANDEZ on this date.

26  _____          _____
27                                     Date
28  INTERPRETER